■ MOBIL OIL CORPORATION, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 54369.)—Order unanimously reversed, with costs, and motion granted. Memorandum: On a motion to determine whether the material sought was prepared for litigation and is thus immune from discovery pursuant to CPLR 3101 (subd [d]), the burden is on the party resisting disclosure to show immunity *(Koump v Smith,* 25 NY2d 287, 294; *Dikun v New York Cent. R. R.,* 58 Misc 2d 439; *Weisgold v Kiamesha Concord,* 51 Misc 2d 456). Claimant adequately alleged a need for the desired examination before trial for the purpose of ascertaining the existence and use of unfiled appraisals prepared by the State (Court of Claims Act, § 17, subd 2). The allegations of the State's affiants directed solely to one possible form of utilization relative to Federal funding are conclusory at most and insufficient to defeat claimant's motion *(Matter of Town of Hempstead [Near Point Lookout Malibu],* 72 Misc 2d 558, 559). We do not pass upon the ultimate discoverability or trial admissibility of any such unfiled appraisal but merely hold, in accord with the procedure here undertaken by claimant's motion, as approved in *Swartout v State of New York* (44 AD2d 766), that a sufficient unrebutted showing has been made by claimant for the examination sought for the purpose of factual development concerning use by the State of unfiled appraisals *(Kidansky v Schweickart,* 35 AD2d 658; *City of Binghamton v Arlington Hotel,* 30 AD2d 585, 587; *Haire v Long Is. R. R. Co.,* 29 AD2d 553). The order of the Court of Claims should be reversed and claimant's motion for an examination before trial of appropriate State personnel granted. After such examination, if it be developed that unfiled appraisals were prepared and used by the State for purposes other than use in the litigation of this claim, the propriety of discovery and disclosure may then be determined by the trial court, upon application either of the claimant for such direction or the State for a protective order. (Appeal from order of Court of Claims—examination before trial.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.

■ B. P. OIL CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53851.)—Judgment unanimously affirmed, with costs. Memorandum: The State appeals from a judgment of the Court of Claims which awarded claimant $75,543 for the permanent appropriation of claimant's premises situated in the City of Little Falls, together with a pro rata refund of prepaid property taxes and interest making a total of $90,658.64. The opinion of the Court of Claims appears to give greater credence to the appraisal of the claimant's appraiser than the State's. However, comparables 3A through 3C were not sales but were options which were not exercised. Thus claimant's appraisal of the land value of Parcel A which included a service station and improvements rested upon two sales. Comparable Sale No. 1 was of property located on West Street and West Main Street, Ilion, 121 front feet on West Main Street and 13,751 square feet for –40,000 or $2.91 per square foot. Sale No. 2, corner of Route 5 and South Main Street, Herkimer, in the amount $45,000 consisted of 150 front feet on Route 5 and 57 front feet on South Main Street, totaling 8,155 square feet, or $5.32 per square foot. Taking claimant's Comparable No. 2, consisting of 8,155 square feet with a service station which sold for $45,000, and adding a $3 per square foot value based upon claimant's Comparable No. 1 for the excess Parcel A land over the 8,155 square foot of claimant's Comparable

No. 2 (7,233 square feet as found by the trial court), we reach a figure which aggregates $66,669. From the excess square footage should be deducted 1,146 square feet representing the right of way shared with an adjoining property owner and having a value, therefore, of only $1.50 per square foot. Such subtractions reduce the aggregate value to $64,950. Adding the $5,000 accorded to Parcel B by the State's appraiser gives a total value of $69,950. The State's Comparable Sale No. 7 located in the Village of Herkimer is the same as claimant's Sale No. 2. The additional amount awarded by the court in excess of the above figures based on the comparable sales can be justified by the excellent condition of the subject service station which had three bays and two drive-on hoists in contrast to two bays and contact hoists existing in the comparable station sale. The award of the Court of Claims is supported by the record and is affirmed. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.